|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>**POLITAN LAW, LLC**<br>88 East Main Street, #502<br>Mendham, New Jersey 07945<br>973.768.6072<br>Mark J. Politan, Esq.<br>mpolitan@politanlaw.com<br>*Attorneys for Michele LaMotta* |  |
| In Re:<br><br>ALTOMARE AUTO GROUP, LLC, d/b/a<br>UNION VOLKSWAGEN<br><br>                       Debtor.<br><br>MICHELE LAMOTTA<br>                       Plaintiff,<br>v.<br><br>ALTOMARE AUTO GROUP, LLC, d/b/a<br>UNION VOLKWAGEN, et al.<br>                       Defendants. | Case No.:    16-22376 (JKS)<br><br>Adv. No.:    16-1583 (JKS)<br><br>Chapter:    11<br><br>Judge:    Sherwood<br><br>Hearing Date: November 29, 2016 |

**APPLICATION IN SUPPORT OF MOTION OF MICHELE LAMOTTA FOR ENTRY OF
AN ORDER PURSUANT TO 28 U.S.C. § 1452(b) REMANDING ADVERSARY
PROCEEDING TO STATE COURT AND MODIFYING THE AUTOMATIC STAY
<u>PURSUANT TO 11 U.S.C. § 362(d)(1)</u>**

TO:    THE HONORABLE JOHN K. SHERWOOD
         UNITED STATES BANKRUPTCY JUDGE

Michele LaMotta ("LaMotta" or "Plaintiff"), by and through her undersigned counsel, hereby moves for entry of an Order remanding the adversary proceeding pursuant to 28 U.S.C. § 1452(b) to the Superior Court of New Jersey, Passaic County, Docket No. PAS-L-655-16, captioned <u>Michele LaMotta v. Altomare Auto Group, LLC t/a Union Volkswagen, Anthony Ferrara, Anthony Altomare, XYZ Corp</u>

1-100, John Does 1-10 (last two parties representing fictitious and unknown individuals and entities) (the "Action") and granting relief from the automatic stay pursuant to 11 U.S.C. § 362 to permit her to continue the pending Action and to permit the liquidation of such claims in the Action (the "Motion"), and in support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1.   For the reasons set forth more fully herein, LaMotta seeks entry of an Order remanding the Action to state court and granting her relief from the automatic stay in order to liquidate her claims against the Debtor and prosecute fully her claims against the nondebtor defendants.  Granting of the Motion will, among other things, permit the efficient liquidation of the state law claims against the Debtor in a cost-effective manner, promote judicial economy and allow claims against nondebtor parties to be properly adjudicated in the state court.  Moreover, as the claims against the Debtor only shall be limited to recovery against available proceeds under any applicable insurance policy, including that certain employment practices liability policy (policy number 105878055 (the "Policy") by and between the Debtor and Travelers Casualty and Surety Company of America ("Travelers"), there will be no further diminution of the estate.

## JURISDICTION AND VENUE

2.   The Court has jurisdiction over the subject matter of this motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This is a "core" proceeding arising under chapter 11 of the Bankruptcy Code and the Court has authority to hear and determine within the meaning of 28 U.S.C. § 157(b)(2).

3.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.   The statutory predicates for the relief sought herein are 28 U.S.C. § 1452(b), section 362 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9027.

## PROCEDURAL HISTORY AND RELEVANT FACTS

5. On February 12, 2016, the Action was commenced by LaMotta in the Superior Court of New Jersey, Law Division, Passaic County. A true copy of the Action, together with summons and service of process is annexed as **Exhibit A** to the Certification of Mark J. Politan (the "Politan Cert.") submitted herewith.

6. On July 27, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. None of the other co-defendants named in the Action are debtors in these proceedings.

7. On July 12, 2016, the Debtor removed the Action to the United States District Court for the District of New Jersey (the "District Court") and the District Court subsequently referred the Action to the Bankruptcy Court pursuant to a standing order of referral on July 14, 2016. A true copy of the Order of Referral to Bankruptcy Court is annexed as **Exhibit B** to the Politan Cert.

8. On August 9, 2016, a pretrial hearing was held during which counsel for the Debtor failed to appear and an order was entered by the Court on August 11, 2016 (the "Pretrial Order"). Pursuant to the Pretrial Order, the Court directed the Debtor, among other things, "to meet and confer with the Plaintiff and submit to the Court a proposal regarding whether this matter should be remanded to state court, referred to mediation, or otherwise scheduled for future proceedings." A true copy of the Pretrial Order is annexed as **Exhibit C** to the Politan Cert.

9. Despite several attempts to forge an acceptable resolution and proposal in accordance with the Court's directive in the Pretrial Order over the past weeks, which attempts included the participation and input of counsel to the insurance carrier for the Debtor, the parties were unable to agree on a path forward, thereby necessitating this Motion to obtain the requested relief.

## RELIEF REQUESTED AND THE REASONS THEREFOR

**A. Remand of the Action to State Court is Appropriate, Equitable and Justified Under the Circumstances.**

10. 28 U.S.C. § 1452(b) provides, in relevant part, "[t]he Court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

11. In determining whether remand on equitable grounds is appropriate, courts must consider whether: (1) there is duplication of judicial resources or uneconomical use of judicial resources; (2) the remand will adversely affect the administration of the bankruptcy estate; (3) the case involves questions of state law better addressed by a state court; (4) there are comity considerations; (5) there is prejudice to unremoved parties; (6) the remand lessens the possibility of inconsistent results; and (7) the court where the action originated has greater expertise. In re Black & White Cab Co., 202 B.R. 977 (Bankr. E.D. Ark. 1996); Accord In re Grace Community, Inc., 262 B.R. 625 (Bankr. E.D. Pa. 2001). Additional factors also include: (1) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (2) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping; and (3) the presence of nondebtor parties. See id.; In re Hotel Mt. Lassen, Inc., 207 B.R. 935 (Bankr. E.D. 1997).

12. In the instant case, remand to state court is the proper and preferred avenue to resolve the state law claims raised in the Action. Considering the factors enumerated above, it is clear that the Action: (a) involves exclusively state law causes of action to which the Plaintiff is entitled and has demanded a jury trial; (b) was pending and proceeding for more than four months prior to removal during which period discovery had commenced; (c) involves claims against nondebtor third parties having no impact on the administration of the estate and its assets; and (d) asserts claims under state law to which the state court likely has greater expertise in adjudicating.

13. Moreover, there is no further impact on the administration of the Debtor's estate as the Plaintiff has agreed to limit her claims against the Debtor <u>only</u> to available insurance proceeds under any applicable policy, including the Policy. In fact, counsel for Travelers has been actively handling the Action during the pre-petition period in state court and has been consulted since the removal of the Action with regard to addressing the directives in the Pretrial Order. Lastly, independent of the merits of the relief sought herein, the Pretrial Order entered by the Court indicates that this Action may appropriately be addressed through a remand to state court for further proceedings.[1]

**B. Concurrent with Remand, Cause Exists to Modify the Automatic Stay to Allow the Liquidation of the Plaintiff's State Law Claims.**

14. A chapter 11 filing triggers an automatic stay of all acts by creditors to continue judicial proceedings against the debtor. 11 U.S.C. § 362(a). Thus, commencement of this bankruptcy case automatically stayed the State Court Action against the Debtor, one of the defendants.

15. Despite the broad nature of the automatic stay under section 362, "creditors do have remedies available to them." <u>In re Excelsior Henderson Motorcycle Mfg. Co.</u>, 273 B.R. 920, 922 (Bankr. S.D. Fla. 2002). Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The purpose of permitting creditors to seek relief from the automatic stay is "to place both debtor and creditors on equal footing." <u>Excelsior Henderson Motorcycle</u>, 273 B.R. at 922.

16. Although what constitutes "cause" for the purposes of modifying the automatic stay is not defined in the Bankruptcy Code, legislative history makes it clear that "cause" shall be determined on a

---

[1] The requested relief of the Motion was the subject of a proposed stipulation and consent order made to Debtor's counsel in an effort to avoid motion practice.

5

case-by-case basis. H.R. REP. NO. 595, at 343-44 (1977); see also S. REP. NO. 989, at 52-53 (1978). See also, e.g., Baldino v. Wilson, 116 F.3d 87, 90 (3d Cir. 1997) (chapter 7 context); In re Rexene Products Company, 141 B.R. 574, 576 (Bankr. D. Del. 1992); In re Continental Airlines, Inc., 152 B.R. 420, 424 (D. Del. 1993). The legislative history of Section 362 confirms that Congress recognized that it will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. S. Rep. No. 989, 95th Cong., 2d Sess. 50.

17. A bankruptcy court has wide discretion to determine whether cause exists to lift an automatic stay. In re Mid-Atlantic Handling Sys, LLC, 304 B.R. 111, 130 (Bankr. D.N.J. 2003); Martelli v. Colts Neck Golf & Country Club, 215 WL 5032621, at *12 (D.N.J. Aug. 25, 2015) (affirming the bankruptcy court's grant of relief from the automatic stay and noting that "cause" may exist when it is necessary to permit litigation to be concluded in another forum).

18. The debtor bears the burden to prove that there is no cause for relief from the automatic stay. 11 U.S.C. §§ 362(d)(1) and (g); In re Todd Shipyards, 92 B.R. 600, 602 (Bankr. D.N.J. 1988).

19. As a fact-sensitive inquiry, a court considering whether to grant relief from the automatic stay to permit a party to prosecute an action in another forum should examine the following factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of the harms.

Mid-Atlantic, 304 B.R. at 130. A court need only apply the factors that are relevant to the particular case. All twelve factors need not be present in a particular case, and indeed, cause may be established by a single factor. Id.; Rexene, 141 B.R. at 576 (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., at 343-44 (1977)).

20.     In the instant case, it is clear with the relief sought, the entirety of the claims asserted against the Debtor and the nondebtors will be addressed and resolved in the Action once remanded and with the stay modified. Second, there can be no interference with the main bankruptcy case since any and all claims against the Debtor only shall be limited to that which is recoverable from applicable insurance proceeds, if any, including under the Policy. Third, Travelers has already commenced providing a defense to the Debtor under the Policy during the prepetition period and has been included in discussions pursuant to the Pretrial Order by the explicit direction of Debtor's counsel. Fourth, the claims asserted arise exclusively under state law and entitle the Plaintiff an opportunity to a jury trial before a tribunal more likely specialized to address the claims. Fifth, the liability of nondebtor parties, if any, will either be covered from available insurance proceeds or be recoverable outside of, or beyond, insurance coverage and have no impact on the administration the estate. Sixth, in the interests of conserving judicial resources, such requested relief is common to allow the Debtor to concentrate on its exit from Chapter 11 while allowing the Plaintiff to liquidate claims in her chosen forum. Lastly, the balance of harms is in favor of the Plaintiff as the Action was proceeding in due course during the prepetition period and, as a result of the commencement of bankruptcy proceedings, the nondebtor defendants have effectively received the benefit of the automatic stay. Equity demands that the Plaintiff be allowed to litigate and liquidate her claims against all parties in one forum and, given the limited impact, if any on the administration of the estate, that forum should be state court.

21. Accordingly, based upon the specific facts of this case, the Bankruptcy Court has the basis to grant LaMotta relief from the automatic stay in order to allow the Action to proceed (once remanded), as factors one, two, four, five, six, ten, and twelve are present and consideration of those factors weighs in favor of the relief sought herein to allow her to liquidate her claims.

### NOTICE

22. Notice of this Motion has been provided to (i) counsel for the Debtor; (ii) counsel for Travelers Casualty and Surety Company of America; (iii) the Office of the United States Trustee, Region Three; and (iv) all parties having formally requested notice via CM/ECF.

### MEMORANDUM OF LAW

23. In accordance with D.N.J. LBR 9013-1, LaMotta submits that no memorandum of law is necessary at this time, because the facts and applicable law are adequately set forth herein. However, movant specifically reserves the right to file a separate memorandum of law in reply to any objections which may be interposed or issues raised with respect to the relief requested herein.

### CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, LaMotta respectfully requests that this Court grant her request to remand the Action pursuant to 28 U.S.C. § 1452(b) and for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code, and for such further relief as this Court deems just and equitable.

Date:  November 7, 2016
                                                **POLITAN LAW, LLC**
                                                88 East Main Street, #502
                                                Mendham, New Jersey 07945
                                                *Counsel to Michele LaMotta*

                                                */s/ Mark J. Politan*
                                                Mark J. Politan